09-2090-ag
Wang v. Holder

BIA
A075 835 803

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of April, two thousand ten.

PRESENT:
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> BARRINGTON D. PARKER,
> > *Circuit Judges*.

_____

WENJU WANG,
> *Petitioner*,

v.                                              09-2090-ag
                                                NAC

ERIC H. HOLDER, Jr., U.S. ATTORNEY
GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Dehai Zhang, Flushing, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Daniel E. Goldman, Senior
                       Litigation Counsel, Matthew A.
                       Spurlock, Trial Attorney, Office of
                       Immigration Litigation, Civil

**Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Wenju Wang, a native and citizen of the People's Republic of China, seeks review of an April 30, 2009 order of the BIA denying his motion to reopen his removal proceedings. *In re Wenju Wang*, No. A075 835 803 (B.I.A. Apr. 30, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien who has been ordered removed may file one motion to reopen, but must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7). Here, the BIA properly denied Wang's motion to reopen as untimely because he filed it almost six years after his January 2003 final order of removal. *See id.*; 8 C.F.R. § 1003.2(c)(2).

The 90-day filing deadline may be equitably tolled if the alien can establish "changed country conditions arising

in the country of nationality . . . ." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Here, however, the BIA reasonably concluded that recent activities relating to China's suppression of political dissent on the internet did not constitute changed country conditions. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Furthermore, there is no merit to Wang's argument that he was not required to show changed country conditions in order to excuse the untimely filing of his motion to reopen. *Yuen Jin v. Mukasey*, 538 F.3d 143, 156 (2d Cir. 2008). Accordingly, the BIA did not abuse its discretion in denying Wang's motion.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3